UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
KAREN G. TOWNSEND,

                          Plaintiff,          05-CV-0847T

           v.                              **DECISION**
                                                             **and ORDER**
MICHAEL J. ASTRUE,
Commissioner of Social Security

                          Defendant.
_____

## INTRODUCTION

Defendant, Commissioner of Social Security ("defendant" or "Commissioner") timely filed this Motion to Alter or Amend an Order and Judgment, pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e)"), to reconsider this Court's Decision and Order granting plaintiff, Karen G. Townsend's ("Townsend" and/or "plaintiff") motion for judgment on the pleadings. This Court's decision was entered on August 10, 2007 granting plaintiff's motion for judgment on the pleadings finding that plaintiff is eligible for Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act (the "Act") and denying defendant's motion for judgment on the pleadings. By motion dated August 27, 2007, the attorney for plaintiff moved for an award of attorney's fees in the amount of $3,064.04 in connection with the successful appeal of plaintiff's social security disability case. Specifically, plaintiff's attorney contends that he is entitled to the award pursuant to this court's August 10, 2007 Decision and Order remanding this action to the Commissioner for the calculation and payment of benefits. The Commissioner filed opposition to the plaintiff's motion on September 10, 2007.

    For the reasons that follow, this Court denies the Commissioner's Motion pursuant to Rule 59(e) since the Commissioner failed to establish

that the court overlooked controlling decisions or factual matters justifying the Court to alter or amend its decision[1] and denies plaintiff's request for attorney's fees as premature.

## BACKGROUND

Plaintiff applied for SSI on January 10, 2002 claiming disability as of October 25, 2000 due to "major depression, panic, & anxiety attacks. (Tr. 43, 46, 52-61) She was 42 years old at the time of her application and had worked intermittently as an accounting/payroll clerk and an assistant manager. (Tr. 21, 47, 59) Townsend's application was denied by the Social Security Administration initially and on reconsideration (Tr. 32-40). Thereafter, she appealed the decisions and an administrative hearing was held before ALJ Eugene Bond on May 16, 2005. (Tr. 12, 22-26) On August 1, 2005, the ALJ found that Townsend was not disabled and, on October 18, 2005, the Social Security Appeals Council denied review of the ALJ's decision (Tr. 5-7).

Plaintiff commenced this action by Complaint filed November 30, 2005. Upon the motions of both parties for judgment on the pleadings and by Decision and Order dated August 10, 2007, this Court granted the plaintiff's motion for judgment on the pleadings, reversed the ALJ's decision and denied the Commissioner's motion for judgment on the pleadings. Plaintiff's counsel filed a Motion for Attorney's Fees on August 27, 2007. Defendant filed its Motion to Alter or Amend an Order and Judgment, pursuant to Rule 59(e) to reconsider this Court's Decision and Order granting plaintiff's motion for judgment on the pleadings on the same day. Familiarity with the August 10, 2007 Decision and Order is

---

[1]This Court also denies the Commissioner's request pursuant to Fed. R. Civ. P. 62 seeking a stay of the August 10, 2007 Decision and Order while this motion is pending.

Page -2-

presumed. Judgment was entered by the Clerk of the Court on August 13, 2007. Defendant now seeks reconsideration of this Court's decision.

## DISCUSSION

### I. Motion to Alter and/or Amend Judgment

"A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." See Herschaft v. New York City Campaign Finance Bd., 139 F.Supp.2d 282, 284 (E.D.N.Y. 2001); Hester Indus., Inc. v. Tyson Foods, Inc., 985 F.Supp. 83 (N.D.N.Y. 1997). Motions to Alter or Amend pursuant to Rule 59(e) "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked …that might reasonably be expected to alter the conclusion reached by the court." See Schrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). District courts apply this rule strictly to dissuade repetitive arguments on issues that have already been fully considered by the court. See Commercial Union Ins. Co. Blue Water Yacht Club Ass'n., 289 F.Supp.2d 337, 340 (E.D.N.Y. 2003). A motion to reconsider should not be granted where a moving party seeks solely to relitigate an issue already decided. See Schrader, 70 F.3d at 257.

Whether to grant a Rule 59(e) motion is committed to the sound discretion of the district judge and will not be overturned absent an abuse of discretion. See Devlin v. Transp. Communications Int'l. Union, 175 F.3d 121, 132 (2d Cir. 1999); McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Thus, the party moving for reconsideration bears the burden of demonstrating that the court overlooked controlling decisions or factual matters that were presented in the underlying motion.

Here, defendant argues that the record evidence demonstrates that plaintiff does not meet or medically equal the requirements of Listing Sections 12.04 or 12.06, or any other Listing Sections and, the substantial evidence supports the ALJ's conclusion that plaintiff is not under a disability. See Def. Mem. at 2. In addition, the Commissioner asserts that although plaintiff saw various doctors who diagnosed either depressive and anxiety-related disorders, not one doctor provided an assessment that showed that plaintiff met all the medical criteria of Listing Sections 12.04 or 12.06 during the relevant time period. See id. Accordingly, the Commissioner goes on to argue and state reasons why plaintiff is not disabled and why her depressive disorder and anxiety-related disorders should not be qualified as a "listed impairment" under Listing Sections 12.04 and 12.06. See id. at 5-7.

The Commissioner has not alleged the availability of new evidence nor an intervening change in the law, which would support a motion to amend or alter a judgment. The record, relied upon by this Court, which is the same record reviewed by the ALJ, contains substantial evidence in satisfaction of § 12.04A, which shows Townsend's marked restriction of activities of daily living as well as her marked difficulties in maintaining concentration, persistence, and/or pace. Plaintiff experiences marked difficulties in maintaining social functioning. As discussed in my prior opinion, psychologist Joseph G. Langen noted that Townsend is "very limited socially" and diagnosed her with "major depression" and "panic disorder with agoraphobia." (Tr. 178) Moreover, psychologist Sherrill L. Primo indicated that Townsend was "unable to leave [the] house regularly [and had] problems maintaining routine social contact." (Tr. 264)

Further, Dr. Primo diagnosed Townsend as "dysthymic with anxiety features and social avoidance." (Tr. 263) Notably, the consulting examining psychiatrist D.K. Singh, M.D. stated that Townsend "experiences acute symptoms of depression and anxiety which include social withdrawal." (Tr. 165) Indeed, Dr. Langen noted in his examination that the plaintiff "has had mental health problems since October 2000 in which she finds herself sick to her stomach, having diarrhea ... trouble concentrating and ... suicidal thoughts." (Tr. 177) In addition, there is substantial medical evidence in the record that the plaintiff experiences marked difficulties in maintaining concentration, persistence, or pace. Dr. Primo indicated that Townsend was "very limited" in her ability to maintain attention and, concluded that plaintiff's concentration is limited. (Tr. 263-67) Further, Dr. Tamaklo indicated that plaintiff's concentration was "very limited." (Tr. 325)

Defendants contend that Dr. Hill, a consultative psychologist, assessed that Townsend "could follow simple directions and instructions, independently perform complex tasks, learn new tasks and maintain attention and concentration pretty well." See Def's Mem. at 7. Interestingly, Dr. Hill's report noted that Townsend "could not do multiplication" despite having an Associate's Degree in Accounting. (Tr. 220-21) Further, Dr. Hill concluded that "the results of the present evaluation are somewhat consistent with an allegation of a significant mental problem" and suspected bipolar disorder with "mild psychotic features." (Tr. 222) Taken as a whole, the records from Dr. Langen, Dr. Singh, Dr. Primo, Dr. Hill, and Dr. Tamaklo demonstrate that Townsend's difficulties in maintaining concentration, persistence, or pace are marked.

There is further documentation in the record that shows that Townsend has satisfied § 12.04A - marked restriction of activities of daily living as well as marked difficulties in maintaining concentration, persistence, and/or pace. She was diagnosed with "Major Depression" by Dr. Singh in 2001. (Tr. 165, 167). In 2002, Dr. Tan stated that Townsend's "diagnosis remains Major Depression Recurrent with Anxiety Features improved under treatment." (Tr. 131) Indeed, anhedonia or pervasive loss of interest in almost all activities is documented in the record by Dr. Tamaklo. (Tr. 249) Appetite disturbance and sleep disturbance were noted by Dr. Singh, Dr. Hill and Dr. Tamaklo. (Tr. 163-165) In addition, decreased energy and feelings of guilt or worthlessness were noted. (Tr. 220) Various doctors also indicated that Townsend had difficulty concentrating or thinking and had thoughts of suicide.

Finally, the record contains substantial evidence of recurrent severe panic attacks and recurrent and intrusive recollections of a traumatic experience which are a source of marked distress, which satisfies the criteria of § 12.06A. Townsend was diagnosed with anxiety disorders by Dr. Singh, Dr. Langen, Dr. Hill, and Dr. Tamaklo. (Tr. 161, 164-65, 177-78) In 2001, Dr. Singh noted that Townsend's anxiety symptoms lead to panic attacks and affect her ability to adaptively function in any sustained manner. (Tr. 165) After an examination of Townsend in 2003, Dr. Tamaklo also reported panic attacks and continued to report these attacks through at least 2005. (Tr. 246-50) Accordingly, this Court relied on evidence in the record, the same record that the ALJ reviewed and examined, and concluded that the ALJ's decision was not based on substantial evidence. See 42 U.S.C. § 405(g). Indeed, there is substantial evidence in the record to support the plaintiff's claim of

depressive and anxiety-related disorders. Thus, the Commissioner's motion pursuant to FRCP 59(e) seeking to alter or amend the August 10, 2007 Decision and Order of this Court is denied.

## II. **Attorney's Fees Application**

Plaintiff contends that it is a prevailing party under the Equal Access to Justice Act ("EAJA") and since the fee requested is reasonable, it is proper for this Court to award attorney's fees for work undertaken in connection with filing an application for fees under the EAJA. See Plaintiff's Mem. at 2-3. Defendant opposes the motion arguing that plaintiff's papers incorrectly state that "the remand was by stipulation of both parties thereby making the decision of the District Court final and non-appealable." See Def's Reply Mem. at 2. Defendant further contends that the Commissioner did not stipulate to a remand order. Accordingly, defendant contends that plaintiff's EAJA petition was filed prematurely. See id. The Court agrees with defendant's position.

By Decision and Order dated August 10, 2007, I granted plaintiff's motion for judgment on the pleadings in this case, and remanded the action to the Commissioner for calculation of benefits. However, the Commissioner did not stipulate to a remand order. I issued a decision in plaintiff's favor, which the Commissioner has moved to alter and/or amend pursuant to Rule 59(e). Accordingly, contrary to plaintiff's statement, the Commissioner's time to appeal had not yet expired and judgment was not final.[2] As a result, plaintiff's EAJA application was filed

---

[2] Pursuant to the EAJA, "a party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection ..." See 28 U.S.C. § 2412(d)(B) Consequently, a "final judgment" is a judgment that is "final and not appealable." See 28 U.S.C. § 2412 (d)(2)(G).

prematurely. Thus, plaintiff's motion is denied without prejudice with leave to re-file her application for attorney's fees pursuant to 28 U.S.C. § 2412(d)(B).[3]

**CONCLUSION**

Defendant's request that this Court alter or amend its Decision and Order of August 10, 2007 is denied in accordance with this decision. The case is remanded to the Commissioner for immediate calculation and payment of benefits. Plaintiff's motion for attorney's fees is premature and is denied without prejudice.

ALL OF THE ABOVE IS SO ORDERED.

           s/Michael A. Telesca
            MICHAEL A. TELESCA
          United States District Judge

Dated:  Rochester, New York
     October 4, 2007

---

[3] As a result of this Court's denial of the Commissioner's motion pursuant to FRCP 59(e) seeking to alter or amend the August 10, 2007 Decision and Order, plaintiff may re-file her motion for attorney's fees within 30 days of the final judgment. This gives the Commissioner sufficient notice and opportunity to respond to the attorney's fees application.